Fred LAHMAN and Marie Lahman, Respondents,

v.

**COMMISSIONER OF HIGHWAYS, Appellant.**

No. 49072.

Supreme Court of Minnesota.

Aug. 17, 1979.

Warren Spannaus, Atty. Gen., Eric B. Schultz, Deputy Atty. Gen., Peter F. Nelson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Smith, Carpenter, Petterson & Bailey, and Jay R. Petterson, Bemidji, for respondents.

Heard before SHERAN, C. J., YETKA and MAXWELL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal from an order of the Beltrami County District Court compelling the Department of Transportation to install a highway culvert to re-establish the flow of water across petitioners' property as it existed prior to the construction of new Highway No. 71. We affirm.

Petitioners Fred and Marie Lahman own property north of Bemidji adjacent to Highway No. 71. Prior to construction of the new Highway No. 71, drainage water from a swamp north of old Highway No. 71 collected in a channel beginning approximately 200 feet north of the highway and flowed through a culvert under old Highway No. 71 across petitioners' land and into Lake Erickson. Petitioners used the water flow for irrigation, fishing minnows and recreation.

During construction of new Highway No. 71 a culvert was temporarily placed in this area three times but no permanent culvert was planned or installed by the Department

of Transportation. Such a culvert would have cost the state approximately $2,000. During construction water backed up north of the highway causing flooding and killing trees. When construction was completed, the drainage water no longer flowed across petitioners' land. Instead it flowed through the ditch north of the highway to another culvert and then into Lake Erickson.

Petitioners sued for a writ of mandamus to compel the Minnesota Department of Transportation to install a culvert claiming that construction of the highway deprived them of their riparian rights. The Department of Transportation contended that mandamus was inappropriate because the placement of the culvert was a discretionary matter and that at most petitioners had a right to compel condemnation of their riparian rights. In addition, the Department claimed that a prior settlement of a condemnation proceeding precluded either suit. The trial court found that the stream had a well-defined channel and was substantially permanent and continuous in its flowage and that the prior condemnation action concerning petitioners' property did not include petitioners' rights to the water flowage.

■ Petitioners do not have a right to surface waters or runoff. The Department of Transportation can drain such waters if it is reasonably necessary, there is no unreasonable injury to petitioners and the utility of doing so is greater than the harm. See, *Enderson v. Kelehan*, 226 Minn. 163, 32 N.W.2d 286 (1948). Surface waters are waters from rain, springs, or melting snow that are not part of a natural watercourse. *Id.* In *Collins v. Wickland*, 251 Minn. 419, 88 N.W.2d 83 (1958), we held that a well-defined channel across defendant's property was not a natural watercourse, because it had no permanent source or utilitarian use (scenic or otherwise), and the flow of water was sporadic. In reaching this decision, we focused on the volume, continuity, and permanency of the water flow.

■ In the instant case, petitioner Fred Lahman testified that the channel was 1½ to 3 feet wide, that the flow was continuous throughout the year, and that the flow was approximately 50 to 100 gallons per minute. Given this undisputed testimony, the water cannot be considered merely surface waters or runoff. Rather, petitioners had water rights in a well-established waterway. Such water rights are property rights which can be taken for public use only if the owners of those rights are compensated for the taking. See, 2 Nichols on Eminent Domain § 5.79; see, also, Minn.St. 161.27.

When the Department of Transportation began construction of new Highway No. 71, the state condemned a parcel of petitioners' land. The commissioners awarded petitioners $5,900 and the state appealed. The parties settled the appeal by stipulation which the Department of Transportation claims precludes petitioners from recovering in this case.

■ The maps used in the prior condemnation proceeding, which were introduced at trial, did not include the stream in question. In addition, petitioners claimed that they neither knew nor intended that the settlement included their water rights. Based on this evidence, we conclude that the trial court's finding that the prior condemnation action did not include petitioners' water rights is not clearly erroneous.

■ Because petitioners' water rights were not extinguished by the settlement in the prior condemnation proceeding, the Department of Transportation must either take whatever action is necessary to remove the obstruction to the water flowage or acquire petitioners' water rights by condemnation.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.